# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TERRANCE L. STEVENS,

        Plaintiff,  Case Number: 2:10-CV-12049

v.  HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

MELVIN HARTMAN, ET AL.,

        Defendants.
                                         /

## ORDER OF SUMMARY DISMISSAL

Plaintiff Terrance L. Stevens filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility pursuant to two drug-related convictions and a conviction for escape while awaiting a felony trial. He was released on parole on September 3, 2008, but subsequently returned to prison for a parole violation. The Court ordered Plaintiff to show cause why the claims contained in his complaint should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has filed a response to the show cause order.

In the complaint, Plaintiff alleges that the defendants, six members of the City of Jackson Police Department, violated his right to be free from unlawful search and seizure when they entered his apartment without a warrant, which led to his reincarceration for a parole violation. Plaintiff seeks monetary damages. The Court issued an Order to Show Cause requiring Plaintiff to show why the relief he seeks is not barred by *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim challenging the fact of confinement rather than a condition of confinement is improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

In his response to the Order to Show Cause, Plaintiff states that he has no education and limited resources available to him. He does not address the issue of whether his claims are barred by *Wilkinson* and *Heck*. Because a judgment in his favor would necessarily impact the validity of Plaintiff's continued confinement pursuant to the parole violation, the Court finds that his claims are barred by *Heck* and *Wilkinson* and the complaint will be dismissed without prejudice. *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that cases dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiffs may re-assert their claims if they obtain reversal or expungement of their convictions). Additionally, to the extent Plaintiff argues that the Michigan Parole Board improperly considered evidence seized during an unlawful arrest, this claim lacks merit. The Fourth Amendment exclusionary rule does

not apply to parole revocation proceedings. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 362-64 (1998).

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 28, 2010.

s/Denise Goodine
Case Manager